***E-FILED - 2/12/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LESLIE P. BUTTERWORTH, | ) | No. C 08-5380 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| DIRECTOR OF CORRECTIONS TILLMAN, DEPARTMENT OF PAROLE, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will DISMISS the instant complaint for failure to state a cognizable claim under § 1983.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901

F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Plaintiff's Claims

Plaintiff claims he was released in July 2008 from the California Medical Facility in Vacaville where Agent Heffernon refused to give him $200.00 that belonged to plaintiff. Further, Agent Heffernon told plaintiff he had ten minutes to remove all his possessions from the house and could not have contact with his fiance until he was finished with parole. Plaintiff claims that Agent Heffernon stole his money and violated his right to marry and live with his fiance. (Complaint at 3-4.)

Plaintiff is urged to bear in mind that to state a claim under 42 U.S. C. § 1983, he must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). In order for a complaint to state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question. See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997).

Regarding the deprivation of property, the court finds that plaintiff's claim of the loss of his personal property is not cognizable under § 1983. Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, however. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action,

1 precludes relief because it provides sufficient procedural due process.  See Zinermon v. Burch,
2 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing
3 prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy
4 for erroneous deprivation satisfies due process).  California law provides such an adequate post-
5 deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal.
6 Gov't Code §§ 810-895).

7     Although the court generally grants leave to amend after an initial screening of a
8 complaint under 28 U.S.C. 1915A, the court concludes that here, leave would serve no purpose
9 as a viable civil rights claim cannot be made concerning plaintiff's allegations concerning the
10 loss of his personal property.  Plaintiff has an adequate state remedy for the random and
11 unauthorized loss of his personal property.

12     Regarding plaintiff's claim of the loss of his constitutional right to marry, while marriage
13 is fundamental right and liberty protected by Due Process Clause of Fourteenth Amendment, see
14 Zablocki v. Redhail, 434 U.S. 374, 385-86 (1978), plaintiff's allegations do not suggest that he
15 was prevented or prohibited from marrying his fiance.  In short, plaintiff does not allege facts
16 which, even liberally construed, support a violation of his constitutional right to marry.
17 Accordingly, the instant complaint is DISMISSED for failure to state a cognizable claim under
18 § 1983.

19 **CONCLUSION**

20     The instant complaint is DISMISSED for failure to state a cognizable claim under §
21 1983.  The clerk shall terminate all pending motions and close the file.

22     IT IS SO ORDERED.
23 DATED:  2/10/09
                              RONALD M. WHYTE
24                               United States District Judge